# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 8065 | **DATE** | 8/8/2001 |
| **CASE TITLE** | Melvin Jessup vs. National Railroad Passenger Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order. Amtrak is denied leave to file its Second Amended Answer that would add a defense of untimeliness on limitations grounds.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| ✓ | Notices mailed by judge's staff. | AUG 09 2001 date docketed |
| | Notified counsel by telephone. | |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | 8/8/2001 date mailed notice |
| SN | courtroom deputy's initials | FILED FOR DOCKETING 01 AUG -8 PM 2:47 Date/time received in central Clerk's Office | SN mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELVIN JESSUP,                      )
                                    )
          Plaintiff,                )
                                    )
     v.                             )   No.  00 C 8065
                                    )
NATIONAL RAILROAD PASSENGER         )
CORPORATION,                        )                DOCKETED
                                    )
          Defendant.                )              AUG 0 9 2001

MEMORANDUM OPINION AND ORDER

National Railroad Passenger Corporation ("Amtrak") has sought leave to file a Second Amended Answer ("SAA") to the Amended Complaint ("AC") brought by its ex-employee Melvin Jessup ("Jessup"). It hopes by doing so to advance for the first time a proposed statute of limitations affirmative defense ("AD"). Because Amtrak's effort to do so at this late date (seven months after Jessup--who was then an indigent plaintiff acting pro se-- originally filed suit, and four months after Amtrak had first answered the AC filed on Jessup's behalf by counsel appointed by this Court to represent him pro bono publico) implicates equitable considerations, this opinion will review the bidding before turning to the statute of limitations issue.

On February 20, 2001 Jessup's appointed counsel filed the two-count AC that charged Amtrak with both age-based and sex-based discrimination, alleging that another employee--a female who was younger than Jessup--had been terminated by Amtrak for alleged misuse of travel vouchers and deprivation of revenue at

the same time that Jessup was suspended on identical charges, but had then been reinstated to her full-time position while Jessup had not (instead Amtrak terminated Jessup's employment about two months after the August 1998 suspension, and it has never reinstated him). Amtrak answered the AC on March 20, including in its responsive pleading these three ADs:

    1. Plaintiff has failed to mitigate his damages.

    2. Defendant terminated Plaintiff's employment for a legitimate non-discriminatory reason.

    3. Plaintiff's claims are barred by the provisions of the Railway Labor Act.

This Court quickly issued a brief March 22 sua sponte opinion that in part pointed out the impropriety of Amtrak's AD 2 and that said this about AD 3:

> And if Amtrak wishes to assert the defense set out in AD 3, it cannot do so by simply listing the issue and then sitting back with the question unresolved. Instead Amtrak must file a motion for dismissal on that ground on or before April 2, 2001 and must notice the motion up for presentment promptly thereafter, failing which it will be deemed to have waived that defense.

Just a week later Amtrak filed its Amended Answer that dropped both AD 2 and AD 3, leaving only its mitigation-of-damages AD 1 in place.

As stated earlier, almost exactly four months later Amtrak has tendered a proposed SAA that would advance this second AD:

> Plaintiff's claims are barred by the applicable statute of limitations.

According to Amtrak's motion, it has sought that addition because

2

"upon investigation, Defendant has determined [it] may be applicable." But that assertion has to be viewed as makeweight at best and as bogus at worst, for Jessup's EEOC charge--a photocopy of which was attached as Ex. 1 to his AC--expressly showed on its face the selfsame period of delay that is now sought to be relied upon by Amtrak: the termination of Jessup's employment in October 1998, with his EEOC charge having been filed about 21 months later in July 2000.

That time lapse, disclosed from the very beginning of this lawsuit, plainly placed the EEOC charge long past the statutory 300-day provision, patently posing a potential limitations problem. In response Jessup has made the obvious equitable tolling argument disclosed in the EEOC charge and repeated in AC ¶¶11 and 12--that the reinstatement of the female employee did not take place until toward the end of 1999 and was not discovered by Jessup until the latter part of January 2000, so that he could scarcely be faulted for having failed to assert disparate treatment that had not even occurred and could not have been known until those dates.

To its credit, Amtrak has backed away from its initial statute of limitations position--it does not challenge the potential availability of equitable tolling under such circumstances. Instead Amtrak's line of attack focuses on the delay that took place <u>after</u> Jessup says that he learned of the

3

disparate (and more favorable) treatment that had been accorded the other employee. According to Jessup's EEOC charge, ten days less than six months elapsed between the time of that discovery (January 27, 2000) and the date on which he filed the administrative charge (July 17, 2000). On that score Amtrak cites a group of cases exemplified by Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452 (7th Cir. 1990), all of which define equitable tolling in terms of requiring that otherwise outlawed EEOC charges must be filed within a "reasonable time" after the employee or ex-employee has obtained the information providing the gravamen of the charge.

No bright line is identified in any of the Seventh Circuit cases to mark the watershed between such a reasonable time and an unreasonable delay. Cada involved an eight-month delay, which the court described as a "huge" interval under the circumstances (920 F.2d at 453). Other cases have rejected greater delay periods, and in one instance a slightly shorter period, but no case from our Court of Appeals has addressed a period quite as short as that posed here.

That situation obviously makes it problematic (to say the least) to consider ruling that Jessup (particularly when he initiated his EEOC charge and this action without the benefit of counsel) must be knocked out of the box as a matter of law. But this Court need not address that issue, for there is considerable

4

irony in Amtrak's posture in this case to begin with. It seeks to fault Jessup, not for a violation of the normal statute of limitations as such (remember that his EEOC charge was filed well within a 300-day time period after he had first learned of the circumstances that could give him a viable employment discrimination claim or claims), but rather because it says he waited too long after having learned those facts. Yet Amtrak itself--which is represented by able counsel, as layman Jessup had not been when he went to EEOC--delayed for almost as long before it saw fit to advance a claim of untimeliness that was obvious from the very beginning.

To this Court's knowledge there is no doctrine that specifies that a four-month delay of one type is reasonable (and hence excusable), while a delay of just under six months is not. It is well established that a district court is within its rights in applying Rule 8(c) as it reads, requiring that a statute of limitations defense (like every other AD) must be included in a defendant's answer or be considered to have been forfeited (see, e.g., Ventures v. City of Delphi, 123 F.3d 956, 967-68 (7th Cir. 1997) and the numerous cases cited there). One of the oldest of our jurisprudential maxims teaches "that he who seeks Equity must do Equity" (Joseph Story, Commentaries on Equity Jurisprudence 1:77 (1836)), and that maxim might well have been written for the circumstances of this case.

In summary, whether Amtrak is viewed as having waived (or more accurately as having forfeited) its claim of untimeliness by having failed to assert it either in its original Answer or in its Amended Answer, or whether Jessup is treated as having acted in a sufficiently timely fashion by going to EEOC to file his charge a bit less than six months after having learned of his potentially viable claim, the result is the same. Amtrak is denied leave to file its SAA that would add a defense of untimeliness on limitations grounds.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 8, 2001